**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**Nick Cochran,**
**Petitioner**

**vs.) No. 20-0845** (Raleigh County 18-C-532)

**Karen Pszczolkowski, Superintendent,**
**Northern Regional Correctional Center,**
**Respondent**

**MEMORANDUM DECISION**

Self-represented petitioner Nick Cochran appeals the October 15, 2020, order of the Circuit Court of Raleigh County denying his third petition for a writ of habeas corpus. Respondent Karen Pszczolkowski, Superintendent, Northern Regional Correctional Center, by counsel Patrick Morrisey and Scott E. Johnson, filed a summary response in support of the circuit court's order.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

The appellate record in this case is sparse, consisting only of the circuit court's October 15, 2020, order denying petitioner's third petition for a writ of habeas corpus in Raleigh County Case No. 18-C-532. From the circuit court's order, we glean the following: In September of 2000, petitioner was indicted in the Circuit Court of Raleigh County for multiple felony offenses involving a minor victim. Following a trial in July of 2001, a jury found petitioner guilty of one count of nighttime burglary, one count of first-degree sexual abuse, eighteen counts of first-degree sexual assault, and one count of kidnapping with a recommendation of mercy.

Thereafter, the State filed a recidivist information alleging that petitioner had been convicted of two prior felonies. Petitioner admitted the allegations set forth in the recidivist information. Accordingly, the circuit court sentenced petitioner to one to fifteen years of incarceration for nighttime burglary, one to five years of incarceration for first-degree sexual abuse, fifteen to thirty-five years of incarceration on each of the eighteen counts of first-degree sexual assault, and a life term of incarceration for kidnapping with the possibility of parole pursuant to the recidivist enhancement. This Court refused petitioner's criminal appeal in 2002, and the United States Supreme Court denied certiorari in 2003.

Petitioner initiated habeas proceedings in the circuit court in 2004 and 2012. In each of those proceedings, the circuit court appointed petitioner habeas counsel who filed an amended petition for habeas relief arguing ineffective assistance of trial counsel. In the second habeas proceeding, the circuit court held an evidentiary hearing at which petitioner "confirmed that he committed the crimes he was convicted of" and that he "intentionally deceived his trial attorneys and his appellate counsel in claiming the 'consent' version of events to which he perjuriously testified at trial." In both proceedings, the circuit court denied relief.

On December 3, 2018, petitioner filed the instant habeas petition, alleging, among other grounds, ineffective assistance of trial counsel for the third time.[1] The circuit court, by order entered on October 15, 2020, denied the petition, declining to appoint another habeas counsel or hold another evidentiary hearing. The circuit court determined that the ineffective assistance of trial counsel claim could be denied because it was adjudicated in the second habeas proceeding and because it lacked merit. Relying upon the transcripts from the second habeas proceeding, the circuit court found that any alleged failure to investigate petitioner's case was due to "[p]etitioner's own intentional misdirection of his trial and appellate attorneys" and that petitioner confirmed that he was guilty of the offenses for which he was convicted. The circuit court further found that "[p]etitioner had the opportunity to assist and guide his defense, unfortunately such an opportunity was misdirected by . . . [p]etitioner resulting in his conviction of serious felonies."

Petitioner now appeals the circuit court's October 15, 2020, order denying his third habeas petition. This Court reviews a circuit court's order denying a habeas petition under the following standards:

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syl. Pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

> . . . .

---

[1]Petitioner raised other grounds for relief in the instant habeas corpus petition. However, ineffective assistance of trial counsel is the only claim petitioner raises on appeal.

"'A court having jurisdiction over habeas corpus proceedings may deny a petition for a writ of habeas corpus without a hearing and without appointing counsel for the petitioner if the petition, exhibits, affidavits or other documentary evidence filed therewith show to such court's satisfaction that the petitioner is entitled to no relief.' Syllabus Point 1, *Perdue v. Coiner*, 156 W.Va. 467, 194 S.E.2d 657 (1973)." Syl. Pt. 2, *White v. Haines*, 215 W.Va. 698, 601 S.E.2d 18 (2004).

Syl. Pts. 1 and 3, *Anstey v. Ballard*, 237 W. Va. 411, 787 S.E.2d 864 (2016).

Additionally, Rule 4(c) of the Rules Governing Post-Conviction Habeas Corpus Proceedings in West Virginia provides, in pertinent part:

The court shall prepare and enter an order for summary dismissal of the petition if the contentions in fact or law relied upon in the petition have been previously and finally adjudicated or waived. The court's summary dismissal order shall contain specific findings of fact and conclusions of law as to the manner in which each ground raised in the petition has been previously and finally adjudicated and/or waived.

Finally, in Syllabus Point 1 of *State ex rel. Watson v. Hill*, 200 W. Va. 201, 488 S.E.2d 476 (1997), we held that "West Virginia Code section 53-4A-7(c) (1994) requires a circuit court denying or granting relief in a habeas corpus proceeding to make specific findings of fact and conclusions of law relating to each contention advanced by the petitioner, and to state the grounds upon which the matter was determined."[2]

On appeal, petitioner argues that the circuit court failed to make findings of fact and conclusions of law sufficient to show that trial counsel was not ineffective in the underlying criminal case. The State counters that the denial of petitioner's third habeas petition should be affirmed.

The State further argues that the circuit court properly denied the third petition due to its finding that the ineffective assistance of trial counsel claim was previously adjudicated. Pursuant to Rule 4(c) of the Rules Governing Post-Conviction Habeas Corpus Proceedings in West Virginia,

---

[2]West Virginia Code § 53-4A-7(c) provides, in pertinent part:

When the court [in a post-conviction habeas corpus proceeding] determines to deny or grant relief . . ., the court shall enter an appropriate order . . . . In any order entered in accordance with the provisions of this section, the court shall make specific findings of fact and conclusions of law relating to each contention or contentions and grounds (in fact or law) advanced, shall clearly state the grounds upon which the matter was determined, and shall state whether a federal and/or state right was presented and decided.

we agree with the State that petitioner's current claim was adjudicated in the second habeas proceeding as, in that proceeding, relief was denied following the appointment of counsel and an evidentiary hearing at which petitioner testified. *See* Syl. Pt. 2, *Losh v. McKenzie*, 166 W. Va. 762, 277 S.E.2d 606 (1981) (holding that the doctrine of res judicata bars the filing of a successive habeas corpus petition when there has been an omnibus proceeding which is generally comprised of the appointment of counsel and an evidentiary hearing).

As noted by the State, the circuit court, relying upon the transcripts from the second habeas proceeding, also rejected petitioner's ineffective assistance of trial counsel claim on its merits. In Syllabus Point 5 of *State v. Miller*, 194 W. Va. 3, 459 S.E.2d 114 (1995), we held that,

> [i]n the West Virginia courts, claims of ineffective assistance of counsel are to be governed by the two-prong test established in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L.Ed.2d 674 (1984): (1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different.

A court may dispose of an ineffective assistance claim "based solely on a petitioner's failure to meet either prong of the [*Strickland/Miller*] test." *State ex rel. Daniel v. Legursky*, 195 W. Va. 314, 321, 465 S.E.2d 416, 423 (1995). Moreover, "[f]ailure to meet the burden of proof imposed by either part of the *Strickland/Miller* test is fatal to a habeas petitioner's claim." *State ex rel. Vernatter v. Warden, W. Va. Penitentiary*, 207 W. Va. 11, 17, 528 S.E.2d 207, 213 (1999).

We dispose of petitioner's ineffective assistance of trial counsel claim based on the second prong of the *Strickland/Miller* test. We find that any alleged deficiency on trial counsel's part did not affect the result of petitioner's criminal case because, in the second habeas proceeding, petitioner admitted that he was guilty of the offenses for which he was convicted. Therefore, we concur with the circuit court's finding that the ineffective assistance of trial counsel claim could be denied because it was adjudicated in the second habeas proceeding and because it lacked merit. Accordingly, we conclude that the circuit court did not abuse its discretion in denying petitioner's third habeas petition.

For the foregoing reasons, we affirm the circuit court's October 15, 2020, order denying petitioner's third petition for a writ of habeas corpus.

Affirmed.

**ISSUED:** April 14, 2022

**CONCURRED IN BY:**

Justice Elizabeth D. Walker

Justice Tim Armstead
Justice William R. Wooton
Justice Alan D. Moats sitting by temporary assignment

**DISQUALIFIED:**

Chief Justice John A. Hutchison